UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DORIAN VANCE-XAVIER HALE, JR., <br><br> Plaintiff, <br><br> v. <br><br> CURT BLOUNT, WHITE COUNTY, <br> BRIAN LARIMER, SHIRLEY LOGES, and <br> BILL BROOKS, <br><br> Defendants. | CAUSE NO.: 4:23-CV-18-TLS-JEM |

**OPINION AND ORDER**

Dorian Vance-Xavier Hale, Jr., a prisoner without a lawyer, filed an amended complaint. ECF No. 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a government defendant who is immune from such relief.

The Plaintiff alleges that, while he was a pre-trial detainee at the White County Jail, he was placed in segregation without a hearing three times. On September 11, 2021, Defendant Curt Blount instructed Brian Larimer to place the Plaintiff in segregation. Shirley Loges knew that the Plaintiff was in segregation and did not intervene. The Plaintiff remained in segregation until

October 21, 2021.¹ On February 9, 2022, without a hearing, Defendant Blount ordered that Larimer and Loges place the Plaintiff in segregation. The Plaintiff remained in segregation until March 19, 2022. On December 6, 2022, Defendant Blount again ordered Larimer and Loges to place the Plaintiff in segregation. The Plaintiff believes Defendant Blount had the Plaintiff placed in segregation as revenge for being found not guilty of a battery charge. The Plaintiff remained in segregation until January 11, 2023.

Because the Plaintiff is a pre-trial detainee, his claim must be assessed under the Fourteenth Amendment. *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.* at 856 (quoting *Bell*, 441 U.S. at 538–39). However, "negligent conduct does not offend the Due Process Clause," so a showing of negligence or even gross negligence will not suffice. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Moreover, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). "[D]ue process requires that he receive advance written notice of the charges, the chance to present testimony and documentary evidence

---

¹ The amended complaint states that the Plaintiff remained in segregation until October 21, 2022, but it also states that he was returned to segregation on February 9, 2022. Therefore, this appears to be a typographical error.

2

to an impartial decisionmaker, and a written explanation, supported by at least 'some evidence' in the record, for any disciplinary action taken." *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). However, not every placement of a pre-trial detainee in segregation constitutes punishment, and when done for legitimate security reasons, such placements do not violate due process. *Zarnes v. Rhodes*, 64 F.3d 285, 291 n.5 (7th Cir. 1995).

Here, giving the Plaintiff the inferences that he is entitled to at this stage of the case, he has plausibly alleged that Defendant Blount ordered the Plaintiff to be placed in segregation as a punishment and not for legitimate penological reasons. Therefore, the Plaintiff may proceed against Defendant Blount on a claim under the Fourteenth Amendment.

However, the Plaintiff may not proceed against Defendants Larimer and Loges for taking the Plaintiff to segregation as directed by Defendant Blount or against Defendant Loges for failing to take steps to have the Plaintiff removed from segregation. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009).

The Plaintiff sues Defendant Bill Brooks for failure to train his officers and failing to take steps to have the Plaintiff removed from segregation. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," *id.*, and the Plaintiff's amended complaint contains no such allegations. Supervisory staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019) (quotation marks and citation omitted). The amended complaint, however, alleges only that

Defendant Brooks failed to take steps to have the Plaintiff removed from segregation; it does not provide details about the Plaintiff's communications with Defendant Brooks. Therefore, the Plaintiff may not proceed against Defendant Brooks.

The Plaintiff also sues White County. A county cannot be held liable under a respondeat superior theory for the actions of a sheriff or a sheriff's department. *See Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. App. 1990); *Argondona v. Lake Cty. Sheriff's Dep't,* No. 2:06-CV-259, 2007 WL 518799, at *3 (N.D. Ind. Feb. 13, 2007). It is possible to sue a municipal entity such as a sheriff's department based on a policy, practice, or custom pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 690 (1978). However, the amended complaint only alleges that a single officer engaged in wrongdoing. The amended complaint, therefore, does not state a claim against either White County or the Sheriff's Department.

Finally, the Plaintiff filed a motion seeking leave to proceed in forma pauperis. ECF No. 13. Because this case was removed by the Defendants, no filing fee is due from the Plaintiff. *See* ECF No. 1. However, the Plaintiff will be granted leave to proceed in forma pauperis because there may be other benefits to proceeding in forma pauperis as the case progresses.

For these reasons, the Court:

(1) GRANTS Plaintiff Dorian Vance-Xavier Hale, Jr., leave to proceed in forma pauperis [ECF No. 13];

(2) GRANTS Plaintiff Dorian Vance-Xavier Hale, Jr., leave to proceed against Defendant Curt Blount in his individual capacity for compensatory and punitive damages for ordering that the Plaintiff be placed in segregation on September 11, 2021, February 9, 2022, and December 6, 2022, as a punishment without due process in violation of the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Defendants Bill Brooks, Brian Larimer, Shirley Loges, and White County; and

(5) ORDERS, under 42 U.S.C. § 1997e(g)(2), that Defendant Curt Blount respond, as provided for in the Federal Rules of Civil Procedure and Northern District of Indiana Local Rule 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 26, 2023.

                    s/ Theresa L. Springmann
                    JUDGE THERESA L. SPRINGMANN
                    UNITED STATES DISTRICT COURT