**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

DORIAN VANCE-XAVIER HALE, JR.,

      Plaintiff,

          v.                     CAUSE NO. 4:23-CV-18-TLS-JEM

CURT BLOUNT,

      Defendant.

**OPINION AND ORDER**

Dorian Vance-Xavier Hale, Jr., a prisoner without a lawyer, filed a letter in this closed case on January 26, 2026. ECF 43. Hale claims that he did not receive discovery or deposition paperwork from the defendants before the February 9, 2024, deadline. He feels he is being taken advantage of by the defendants.

On March 19, 2024, this court received returned mail indicating that Hale was no longer at the address he had provided to the court. ECF 36; ECF 37. He was ordered to show cause why this case should not be dismissed by April 9, 2024. ECF 38. That order was also returned to the court as undeliverable. ECF 39.

Hale declared under penalty of perjury he would "promptly notify the court of any change of address." ECF 12 at 4. "The demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y. 2006) (quotation marks and citation omitted). "[L]itigants, including prisoners, bear the burden of filing notice of a change of address . . .." *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quotation mark omitted). Because Hale

did not update his address with the court and appeared to have abandoned this case, it was

dismissed pursuant to Federal Rule of Civil Procedure 41(b). ECF 40.

It appears that Hale wants to reopen this case. Federal Rule of Civil Procedure 60(b)

authorizes a court to relieve a party from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or . . . (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Hale does not explain why he believes this case should be reopened. More specifically,

he has not explained why he did not keep the court apprised of his address, or why he waited

until nine months after this case was dismissed to contact the court about his case.

For these reasons, the court:

(1) CONSTRUES Dorian V.X. Hale, Jr.'s, letter (ECF 43) as a motion to reopen this case

pursuant to Federal Rule of Civil Procedure 60; and

(2) DENIES the motion (ECF 43).

SO ORDERED on February 2, 2026.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT